UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANTOINE RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:11-CV-354 |
| v. | ) *Collier / Lee* |
| | ) |
| FEDERAL COMMUNICATIONS | ) |
| COMMISSION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is the motion of Antoine Ray ("Ray") to proceed *in forma pauperis* [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Ray has submitted a complaint [Doc. 2] alleging that the CIA has been listening and controlling people through microwaves, which is scientifically proven and provable; the Federal Communications Commission ("FCC") was involved in regulating the subchannels and subliminal signals; and Congress passed the law that put this "into play."[1] Ray asserts that due to the actions of these Defendants, he's constantly being "intraped [sic] and slandered" and that this has been happening since 2004. Furthermore, Ray asserts that U.S. troops are dying due to mind control, children are being molested for "cover ups," and "people are being tortured with for wanting their civil rights." Ray seeks one trillion dollars in damages, with interest to accrue at a rate of 3% daily, and requests the end of the mind control.

The applicable statute, 28 U.S.C. § 1915, allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows

---

[1] At another place in the Complaint, Ray lists as a Defendant "the Congress who passed the Patriot Act."

by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), however, a district court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. A claim may be dismissed as frivolous if it is based on a meritless legal theory or if its factual contentions are clearly baseless. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that a judge reviewing a pauper's complaint has "the unusual power to pierce the veil of the complaint's factual allegations" and to disregard "fantastic or delusional" assertions). I **CONCLUDE** that Ray has failed to state a colorable, justiciable claim, and I therefore do not reach the merits of his pauper's application.

Ray's complaint fails to state a claim on which relief can be granted. The Court finds, in light of "judicial experience and common sense," that Ray has not alleged a "plausible" factual basis for relief. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Instead, Ray's allegations smack of the "fantastic." *See Hill*, 630 F.3d at 471.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).[2]

                                                                        s/ *Susan K. Lee*
                                                                        SUSAN K. LEE
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).